IN THE SUPREME COURT OF THE STATE OF DELAWARE

JASON C. UNDERWOOD, §
§ No. 60, 2025
Defendant Below, §
Appellant, § Court Below—Superior Court
§ of the State of Delaware
v. §
§ Cr. ID No. K2311006875
STATE OF DELAWARE, §
§
Appellee. §

Submitted: January 9, 2026
Decided: February 18, 2026

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## ORDER

Upon consideration of the appellant's opening brief, the appellee's answering brief, and the record below, it appears to the Court that:

(1) The appellant, Jason C. Underwood, filed this appeal from his sentencing for a violation of probation ("VOP"). For the reasons discussed below, we affirm the Superior Court's judgment.

(2) In 2024, Underwood pleaded guilty to third-degree burglary and felony theft. On May 14, 2024, the Superior Court sentenced Underwood and suspended all Level V time for one year of Level III supervision with GPS monitoring, followed by one year of Level I supervision for the payment of restitution.

(3)     In July 2024, the Superior Court sentenced Underwood for a VOP.  The July 2024 VOP sentence required Underwood to serve the first nine months at Level IV DOC Discretion.  On December 30, 2024, a probation officer filed an administrative warrant alleging that Underwood had again violated probation.  The administrative warrant and subsequent VOP report alleged that Underwood was on Level IV supervision at the Plummer Center, had returned late to the center on December 29, 2024, and had positive drug screens on November 26 and December 29, 2024.

(4)     At a VOP hearing on January 10, 2025, Underwood admitted that he violated the terms of his probation and requested placement in Veterans Treatment Court.  After consulting with others present in the courtroom about the logistics of Veterans Treatment Court when a participant is on Level IV supervision, the court determined not to place Underwood in Veterans Treatment Court during his Level IV sentence.  Underwood then requested to serve thirty to sixty days of Level V time, followed by Level III probation, without being required to complete any programs at Level V or Level IV.  Based on "the continued positive screens, the continued violations," however, the court determined that the sentence recommendation made by Probation and Parole, which included time at Level V for completion of the Road to Recovery program, was appropriate.[1]  The court sentenced

---

[1] Appendix to Answering Brief at B-47.

Underwood for the VOP as follows: as to third-degree burglary, two years and five months of imprisonment, suspended for eighteen months of Level V supervision at DOC discretion, suspended upon successful completion for one year of Level III halfway house, followed by one year of Level I supervision for restitution only; and as to felony theft, two years of imprisonment, suspended for one year of Level III supervision, followed by one year of Level I supervision for restitution only. The court also noted in the sentencing order that Underwood should be considered for Veterans Treatment Court during his Level III supervision.

(5) On appeal to this Court, Underwood argues that the Superior Court erred by not transferring him to Veterans Treatment Court and by relying on recommendations from correctional staff.[2] He asks that he be sentenced to time served and transferred to Veterans Treatment Court for probation.

(6) "It is well-established that appellate review of sentences is extremely limited."[3] Our review of a sentence generally ends upon a determination that the sentence is within the statutory limits prescribed by the legislature.[4] If the sentence falls within the statutory limits, we consider only whether it is based on factual

---

[2] Underwood also argued that the Superior Court erred by denying his requests for preparation of the VOP hearing transcript at state expense. This Court denied the State's motion to affirm and ordered the State to arrange for the preparation of the transcript and to provide a copy to Underwood. The Court also afforded Underwood an opportunity to file an amended opening brief after the transcript was provided; he did not do so.

[3] *Kurzmann v. State*, 903 A.2d 702, 714 (Del. 2006).

[4] *Mayes v. State*, 604 A.2d 839, 842 (Del. 1992).

predicates that are false, impermissible, or lack minimal reliability; judicial vindictiveness or bias; or a closed mind.[5] When sentencing a defendant for a VOP, the trial court may impose any period of incarceration up to and including the balance of the Level V time remaining to be served on the original sentence.[6]

(7)    Underwood does not contend that he did not violate probation, nor does he assert that the Superior Court imposed more Level V time than remained on his original sentences. Underwood has not established any basis to conclude that his VOP sentences exceeded the Level V time remaining on his original sentences or are otherwise subject to reversal. We find no reversible error in the Superior Court's determination that Underwood was not a candidate for Veterans Treatment Court while at Level IV supervision. The Superior Court acted within its discretion when sentencing Underwood for the VOP.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

[5] *Kurzmann*, 903 A.2d at 714.
[6] 11 *Del. C.* § 4334(c).

4